CLOSING

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCES O'BRIEN, individually and in behalf of the class of purchasers of *Procera AVH*,<br><br>Plaintiff,<br><br>-against-<br><br>BRAIN RESEARCH LABS, LLC,<br><br>Defendant. | 2:12-cv-00204-FSH-PS<br><br><br><br>**FINAL JUDGMENT AND ORDER** |

The Court, having considered the parties' Motion for Final Approval (the "Motion for Final Approval") of the settlement (the "Settlement") of the above-captioned action (the "Action") brought by Plaintiff Frances O'Brien ("Plaintiff") against Defendant Brain Research Labs, LLC ("BRL" or "Defendant"), pursuant to the Settlement Agreement dated February 22, 2012 (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on July 11, 2012, and for the reasons set forth on the record and in the Opinion of the Court dated August 8, 2012, finds that:

1. Unless defined herein, the capitalized terms in this Order shall have the respective meanings ascribed the same terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On March 23, 2012, this Court preliminarily approved the Settlement and

1

certified, for settlement purposes, the Settlement Class consisting of:

> All residents of the United States who purchased Procera AVH (the "Product") from January 1, 2005 through March 23, 2012 through direct marketing channels or through retail. Purchasers who have received a refund or debit/credit card chargeback of the purchase price for one or more bottles of the Product at any time shall NOT be included in the Settlement Class.

4.   Notice of Settlement to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice of Settlement, which included email, U.S. Mail, and the creation of a settlement website, fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement in this Action.

5.   The Settlement Agreement was arrived at as a result of arms'-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, and thus, is supported by Plaintiff and Class Counsel.

6.   The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7.   The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing a trial on the merits.

2

8. The persons listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

9. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

[Handwritten annotation: "The motion for certification of a settlement class and final approval of the class settlement [ECF No. 25] and motion for attorneys fees [ECF No. 2_] is granted as set forth herein"]

10. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All residents of the United States who purchased Procera AVH from January 1, 2005 through March 23, 2012 through direct marketing channels or through retail. Purchasers who have received a refund or debit/credit card chargeback of the purchase price for one or more bottles of the Product at any time shall NOT be included in the Settlement Class.

11. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of Plaintiff are typical of the claims of the Settlement Class; Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members.

3

12. The preliminary appointment of the following attorneys as Class Counsel is hereby confirmed:

> Harold M. Hoffman, Esq.
> 240 Grand Avenue
> Englewood, NJ 07631

13. Class Counsel is experienced in ~~class litigation, including~~ litigation of similar claims in other cases, and has fairly and adequately represented the interests of the Settlement Class.

14. The Action is dismissed without prejudice and without costs. However, neither the Parties nor any Settlement Class Member(s) may litigate or otherwise reopen issues resolved by this Final Judgment and Order, or included within the Released Claims. Rather, dismissal is "without prejudice" so as to allow this Court to retain exclusive jurisdiction over this Action, the Parties, and all Settlement Class Members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement. After the Effective Final Judgment Date (defined in Paragraph 14 of the Settlement Agreement), this Action shall be dismissed with prejudice. Judgment shall be entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Complaint.

15. The Parties are directed to distribute the consideration to the Settlement Class pursuant to Paragraphs 2 and 3 of the Settlement Agreement.*

16. The Plaintiff Releasing Parties release and forever discharge the Released Parties from the Released Claims.

  a. As used in this Order, the "Plaintiff Releasing Parties" shall mean Plaintiff, each Settlement Class Member (except a member of the Settlement Class who has

4

*Any class member who was notified that there claim form had a deficiency shall submit a corrected claim form no later than October 1, 2012. [For class members who submitted their claim form] Failure to submit a corrected claims form will preclude receipt of compensation.

obtained proper and timely exclusion from the Settlement Class pursuant to Paragraph 11 of the Settlement Agreement), and their spouses and former spouses, heirs, executors, administrators, representatives, agents, and assigns.

      b.     As used in this Order, the "Released Parties" shall mean BRL, including but not limited to its past and present affiliated or related parent or subsidiary corporate entities, affiliates and related entities, as well as its investors, advisors, members, agents, directors, scientists, officers, owners, managers, agents, endorsers, advertisers and employees whether in their individual or official capacities, and, as to any such individuals, including their spouses, heirs, executors, administrators, representatives, agents, and assigns. The "Released Parties" shall also include all retailers, vendors, distributors, and resellers who sell or have sold the Product, third party entities who have displayed advertisements for the Product, as well as any and all third parties who participated in or contributed to the development of the advertising, endorsement, or marketing of the Product, including these entities' respective directors, officers, managers, and employees, whether in their individual or official capacities.

      c.     As used in this Order, the "Released Claims" shall mean all claims, causes of action, demands, judgments, damages, liabilities, whether known or unknown, contingent or non-contingent, including but not limited to, any and all attorneys' fees, costs, expenses, disbursements and interest, which the Plaintiff Releasing Parties now own or hold or have at any time owned or held, against the Released Parties and which arise out of or are in any way connected with the advertising, labeling, branding, endorsement, marketing or sale of the Product. Released Claims specifically include, but are not limited to, any claims based upon state or federal consumer protection, false advertising, breach of warranty, breach of contract, common law fraud, and consumer fraud laws, any legal or equitable claims of any

5

type or nature that arise out of or are in any way connected with the allegations presented in the Action, *based upon the alleged misrepresentation concerning the product* or that could have been presented in the Action, and those claims that are based upon or related to violations of any state or federal statute or regulation, interest, penalties, attorney's fees, costs, or disbursements, or any other claim for damages not specifically described above. *Personal injury claims are not released and are excluded from the term "Released Claims"*

    d.    The Plaintiff Releasing Parties hereby fully, finally and forever, settle, release, relinquish and discharge the Released Parties from the Released Claims as of the date of the Final Judgment and Order.

    17.    The release in Paragraph 16 includes claims that are currently unknown to the Plaintiff Releasing Parties. The release in this Order and the Settlement Agreement discharge the Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Plaintiff Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Plaintiff Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Agreement, but it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiff Releasing Parties also understand that they may later discover additional injuries or damages that fall within the definition of "Released Claims" and that are not known to them at this time. Plaintiff Releasing Parties

6

specifically accept the risk that they may later discover such injuries or damages. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiff, the Settlement Class Members, and all other Plaintiff Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiff, Settlement Class Members, and all other Plaintiff Releasing Parties also expressly waive and release any and all provisions, rights, and benefits conferred on them by a statute, regulation, or ordinance of any other jurisdiction which is similar to California Civil Code Section 1542.

18. Plaintiff and Settlement Class Members are permanently enjoined and barred from commencing or prosecuting any collateral action against Defendant arising out of the claims made or that could have been made in the Action regarding the Product, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or self-regulating body, or other authority or forum wherever located. *Nothing herein bars the plaintiff or settlement class from pursuing personal injury claims.*

19. Following the Effective Final Judgment Date, Defendant shall not make any of the following statements in any advertising or labeling for the Product unless such statement is (a) found not to violate the law, (b) found to be permissible by a self-regulatory advertising entity or body, or (c) supported by an appropriate scientific or clinical study or other competent and reliable evidence that substantiates the representations:

7

   a. That the Product or any of its ingredients "will protect the brain following a head injury or stroke."

   b. That the Product or any of its ingredients "will accelerate the healing of damaged neurons."

   c. That the Product or any of its ingredients "will increase levels of nerve growth factor."

   d. That the Product or any of its ingredients "will protect the brain or the liver from the harmful byproducts of alcohol."

   e. That the Product or any of its ingredients "will reduce depression."

   f. That the Product or any of its ingredients "will remove or help remove lipofuscin."

   g. That the Product or any of its ingredients are "clinically shown to quickly improve energy."

   h. That the Product or any of its ingredients "will improve or increase IQ."

   i. That the Product or any of its ingredients "are deemed safe and effective by the FDA."

   j. That the Product or any of its ingredients "are key, vital or brain essential nutrients that cannot be obtained from food."

   k. That the Product or any of its ingredients "will prevent, delay the onset of, reduce the effects of, treat, or cure Alzheimer's Disease or dementia."

  20. The Court awards to Class Counsel $75,000 [$54,194] as attorneys' fees and costs.

  21. The Court awards to Plaintiff $2,500.00 as an incentive award for her role as Class Representative.

8

22.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation.  The Court also retains exclusive jurisdiction over Defendant, Plaintiff, and Settlement Class Members regarding the Settlement Agreement and this Final Judgment and Order.  Defendant, Plaintiff, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Settlement Agreement, including but not limited to the applicability of the Released Claims, this Settlement Agreement, or this Order.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order.  Solely for purposes of this suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

23.     This Settlement Agreement and the proceedings and statements made to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any

9

of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

24. The certification of the Settlement Class shall be binding only with respect to the settlement of this Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

25. ~~Based upon the Court's finding that there is no just reason for the delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).~~ *This shall constitute the final judgment in this case*

**IT IS SO ORDERED.**

Date: *August 8, 2012*

_____
Honorable Patty Shwartz
United States Magistrate Judge

10

Case 2:12-cv-00204-PS   Document 32-3   Filed 07/16/12   Page 1 of 1 PageID: 562

Gilardi & Co LLC

"ADDENDUM A"   Case Name - *O'Brien et al. v. Brain Research Labs, LLC (BROB1)*

Report on Requests for Exclusion Received

| ClaimID | FirstName | LastName | City | State | OptOut |
|---|---|---|---|---|---|
| BROB111283254 | DARRELL | CRAIG | ATLANTIC BCH | FL | 5/18/2012 |
| BROB111794690 | LILLIE | EDMONDS | PARSIPPANY | NJ | 5/10/2012 |
| BROB110784683 | KELLY KAY | GOVAN | PLYMOUTH | MI | 5/23/2012 |
| BROB111731532 | GERALD | HILSON | STONE MTN | GA | 5/18/2012 |
| BROB112685135 | MS. DIANNA | HILSON | STONE MTN | GA | 5/5/2012 |
| BROB112106542 | JOHN | JACKSON | SPENCER | OK | 4/19/2012 |
| BROB112064556 | NINA | JUSTICE | ROHNERT PARK | CA | 5/31/2012 |
| BROB111866004 | ELNORA | MARLER | CROPWELL | AL | 5/4/2012 |
| BROB110471120 | EDWARD | PIOTRASCH | LANSING | MI | 6/3/2012 |
| BROB112233986 | BETTY | SHOULTS | CAREFREE | AZ | 5/2/2012 |
| BROB112414190 | JOAN | SIMS | SCOTTSBORO | AL | 4/25/2012 |